UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHERRILL TERRY,
    Plaintiff

v.

THE DISTRICT OF COLUMBIA,
    Defendant.

Civil Action No. 19-cv-3122 (CKK)

**MEMORANDUM OPINION**
(March 6, 2020)

This suit arises from a request by Plaintiff Sherrill Terry ("Plaintiff") for reimbursement of attorneys' fees and costs incurred in connection with an administrative due process hearing brought on behalf of her minor child, S.T., pursuant to the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§1400, *et seq.* Plaintiff, through counsel, seeks a total of $95,323.17 in fees and costs, on grounds that Plaintiff prevailed in the underlying administrative action. Pl.'s Mot. for Attys.' Fees, ECF No. 9, at 1; Pl.'s Mem. in support of Mot., ECF No. 9-1, at 3. In connection with its Opposition, Defendant District of Columbia ("Defendant" or "the District") does not contest the hourly rates sought by counsel but asserts that counsel is entitled to "no more than $76,284.35 in attorney's fees and costs"[1] on grounds that counsel's "invoice includes items unrelated to this action" pertaining to placement, which was "not ordered in the

---

[1] Defendant represents that Plaintiff's invoice total is $95,323.17 and that its deductions for placement issues are $16,777.50, which equals $78,545.67, as opposed to the $76,284.35 cited by Defendant.

1

HOD" or even requested "in the due process hearing." Def.'s Opp'n, ECF No. 10, at 1-2.[2] For the reasons set forth herein, Plaintiff's Motion for Attorney's Fees is GRANTED IN PART and DENIED IN PART. The Court finds that Plaintiff is entitled to $78,220.87 in fees and costs. A separate Order accompanies this Memorandum Opinion.

### I. LEGAL STANDARD FOR ATTORNEY'S FEES

The IDEA allows a court to award "reasonable attorneys' fees to a prevailing party who is the parent of a child with a disability." 20 U.S.C. §1415(i) (3)(B). First, the Court must determine whether the party seeking attorneys' fees is the prevailing party and then, the Court must determine the reasonableness of the fees sought. *See McAllister v. District of Columbia*, 21 F. Supp. 3d 94, 99 (D.D.C. 2014); *Jackson v. District of Columbia*, 696 F. Supp. 2d 97, 101 (D.D.C. 2010).

A prevailing party is one "who has been awarded some relief by the court." *Buckhannon Bd. $ Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see Alegria v. District of* Columbia, 391 F.3d 262, 264 (D.C. Cir. 2004) (applying *Buckhannon* prevailing party analysis in the IDEA context). The Plaintiff "bears the burden of establishing entitlement to an award [of fees], documenting the appropriate hours, and justifying the reasonableness of the rates[.]" *Covington v. District of Columbia*, 57F.3d 1101, 1107 (D.C. Cir. 1995) (citing *Blum*, 465 U.S. at 896 n. 11; *Hensley*, 461 U.S. at 437).

In this Circuit, in order for a party to be deemed a prevailing party, "(1) there must be a

---

[2] The Court's consideration focused on the following documents: (1) Pl's Mot. for Attys' Fees, ECF No. 9, and Pl.'s Mem. in support of Mot., ECF No. 9-1; (2) Def.'s Opp'n, ECF No. 10; (3) Pl/'s Reply, ECF No. 11; (4) the Hearing Officer's Determination ("HOD"), attached as Mot., Ex. 1; and (4) Pl.'s billing records attached as Mot., Ex. 2; as well as the record in this case. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." *Green Aviation Mgmt. Co., LLC v. F.A.A.*, 676 F.3d 200, 203 (D.C. Cir. 2012) (internal citations and quotations omitted). This prevailing party test applies generally to federal fee shifting statutes and specifically to the IDEA. *Robinson v. District of Columbia*, 61 F. Supp. 3d 54, 59 (D.D.C. 2014) (citing *District of Columbia v. Straus*, 590 F.3d 898, 901 (D.C. Cir. 2010)). An administrative HOD which orders a local education agency to provide educational services to a student confers prevailing party status on the parent. *Arthur v. District of Columbia*, 106 F. Supp. 3d 230, 234 (D.D.C. 2015).

**II. ANALYSIS**

As a preliminary matter, it appears that the parties did not engage in substantive discussions relating to the Plaintiff's request for fees as Plaintiff devotes 16 pages of her 22-page Memorandum in support of her Motion to arguing that she is entitled to hourly rates in line with the USAO Fee Matrix *despite* the fact that — "[f]or purposes of *this Opposition only*" — the District is not challenging the reasonableness of counsel's hourly rates. Def.'s Opp'n, ECF No. 10, at 1 n.1. Rather, the District challenges only the award of fees for the items on counsel's invoice pertaining to the issue of placement, an issue not raised by Plaintiff during the due process hearing and on which Plaintiff did not therefore prevail.

In her Reply, Plaintiff makes bald allegations that the placement issue is tied in with her claim for compensatory education, but she points to absolutely nothing in the record before this Court that supports her allegations or her status as a prevailing party on the issue of placement (or that this issue was even raised). In fact, Plaintiff acknowledges that that "there was only one type of relief requested, that being compensatory education for DCPS' failure to develop and

3

provide an appropriate placement for the relevant time period[.]" Pl.'s Reply, ECF No. 11, at 1. *See also* HOD, ECF No. 9-4, at 9 (where the Hearing Officer noted that: "Quite simply, this case is about whether compensatory education is due to Student based on a denial of FAPE, and if so, how much compensatory education is required to place the Student in the position in which Student should have been but for the denial of FAPE.")

Accordingly, there is uncontroverted evidence that Plaintiff did not argue the issue of placement nor was she granted any relief in that regard. As such, the District argues that this Court should deduct fees relating to the issue of placement from the Plaintiff's fee claim because "[t]he degree of a party's success on the merits bears on fees recovered through fee-shifting statutes and may be applied to award fractions of a fee claim where a party prevails on only one of several issues in an IDEA case." *McFarland v. District of Columbia*, No. 12-cv-188, 2013 WL 12106871, at *7 (D.D.C. May 28, 2013) (reducing fees awarded to the plaintiff by half where plaintiff succeeded on only one claim) (citing *Aguirre v. Los Angeles Unified School Dist.*, 461 F.3d 1114, 1119-1120 (9th Cir. 2006)); *see also Collins v. District of Columbia,* 146 F. Supp. 3d 32, 41 (D.D.C. 2015) (reducing fees overall by 35% to account for plaintiff's status as partially prevailing); *Dickens v. Friendship Edison P.C.S.*, 724 F.Supp.2d 113, 121 (D.D.C. 2010) (finding it within the court's discretion to reduce the overall fee award to reflect the total degree of success); *Wright v. District of Columbia*, Civil Action No. 18-2818, 2019 WL 47367699 (D.D.C. Sept. 28, 2019) (noting there is no precise formula for reductions with a partially prevailing plaintiff). "[T]he degree of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee." *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 790 (1989).

In this case, Defendant has identified a number of billing entries devoted to this issue of

4

placement. This Court has reviewed all of counsel's billing entries and concluded that a number of them should be excluded because they relate to the issue of placement upon which Plaintiff did not prevail rather than the issue of compensatory education upon which Plaintiff did prevail. Because this Court has not adopted verbatim the Defendant's challenges to the Plaintiff's billing entries, the Court will set forth its own rulings herein. The following billing entries shall be excluded in whole or in part as indicated below:

| DATE | AMOUNT IN DOLLARS | Page Number |
| --- | --- | --- |
| 3/21/19 | 1,144.00* | 4 |
| 3/27/19 | 343.20 | 4 |
| 4/2/19 | 572.00 | 4 |
| 4/5/19 | 171.60 | 4 |
| 6/4/19 | 171.60 | 5 |
| 6/4/19 | 171.60 | 5 |
| 6/4/19 | 286.00 | 5 |
| 6/4/19 | 114.40 | 5 |
| 6/5/19 | 114.40 (50% of charge)** | 5 |
| 6/6/19 | 114.40 | 5 |
| 6/10/19 | 171.60 | 5 |
| 6/10/19 | 171.60 | 5 |
| 6/11/19 | 114.40 | 5 |
| 6/11/19 | 171.60 | 5 |
| 6/14/19 | 171.60 | 5 |

| | | |
|---|---|---|
| 6/14/19 | 114.40 | |
| 6/15/19 | 143.00 (50% of charge) | 5 |
| 6/16/19 | 572.00 (50% of charge) | 6 |
| 6/17/19 | 715.00 (50% of charge) | 6 |
| 6/25/19 | 228.80 | 6 |
| 6/27/19 | 171.60 | 6 |
| 6/27/19 | 286.00 | 6 |
| 6/27/19 | 572.00 | 7 |
| 6/27/19 | 171.60 | 7 |
| 6/27/19 | 228.80 | 7 |
| 6/27/19 | 171.60 | 7 |
| 6/28/19 | 171.60 | 7 |
| 6/28/19 | 457.60 | 7 |
| 6/30/19 | 228.80 | 8 |
| 7/1/19 | 178.50 | 8 |
| 7/1/19 | 297.50 | 8 |
| 7/1/19 | 178.50 | 8 |
| 7/1/19 | 178.50 | 8 |
| 7/3/19 | 178.50 | 9 |
| 7/3/19 | 119.00 | 9 |
| 7/3/19 | 238.00 | 9 |
| 7/3/19 | 59.50 | 9 |

| Date | Amount | Ref |
|---|---|---|
| 7/3/19 | 178.50 | 9 |
| 7/5/19 | 1,487.50 | 9 |
| 7/8/19 | 416.50 | 10 |
| 7/8/19 | 595.00 | 10 |
| 7/9/19 | 297.50 | 10 |
| 7/9/19 | 297.50 | 10 |
| 7/9/19 | 892.50 | 10 |
| 7/10/19 | 357.00 | 10 |
| 7/10/19 | 119.00 | 11 |
| 7/10/19 | 357.00 | 11 |
| 7/10/19 | 119.00 | 11 |
| 7/12/19 | 59.50 | 12 |
| 7/16/19 | 178.50 | 12 |
| 7/16/19 | 178.50 | 12 |
| 7/17/19 | 59.50 | 13 |
| 7/17/19 | 178.50 | 13 |
| 7/17/19 | 119.00 | 13 |
| 7/18/19 | 238.00 | 13 |
| 7/18/19 | 178.50 | 13 |
| 7/18/19 | 178.50 | 13 |
| 7/24/19 | 178.50 | 15 |
| 7/25/19 | 297.50 | 15 |

| 7/29/19 | 178.50 | 15 |
| 7/30/19 | 119.00 | 15 |
| 8/1/19  | 178.50 | 15 |

*Pursuant to 20 U.S.C. Section 1415(i)(3)(D)(ii),"[a]ttorneys' fees may not be awarded related to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, . . . " In this case, the Hearing Officer notes that there was a prior HOD which resulted in DCPS agreeing to a comprehensive evaluation and eligibility determination of the Student. HOD, ECF No. 9-4, at 5. An MDT meeting on eligibility was held on 2/26/19, and counsel's charges reflecting participation in that meeting are permitted, but there is no indication that the 3/19/19 IEP meeting was convened as a result of the administrative proceeding. *Id.* at 5-6.

**Where counsel's billing entries related to placement *and* compensatory education, the Court reduced the charge by 50%.

Accordingly, adding up the above charges, the Court concludes that Plaintiff is not entitled to $17,102.30 in fees for activities related to educational placement. Subtracting that amount from the $95,323.17 requested by Plaintiff, counsel is entitled to no more than $78,220.87 in attorney's fees and costs.

The Court notes that in her Motion, Plaintiff also requests that she be allowed to submit a supplemental petition for fees on fees. Pl.'s Mem. in support of Mot., ECF No. ECF No. 9-1, at 22. Fees on fees are permitted in IDEA cases. *See Jones v. District of Columbia*, 153 F. Supp. 3d 114, 121-22 (D.D.C. 2015). However, the Court strongly recommends that the parties meet and confer in an attempt to resolve the fees on fees issue prior to Plaintiff filing a motion. The vast majority of the argument in Plaintiff's Motion for Fees addressed the reasonableness of her billing rate, which was unnecessary as the District did not challenge the reasonableness of Plaintiff's billing rate. The parties conferring and potentially narrowing, or even resolving, issues subject to litigation is efficient for this Court at the same time that it preserves the resources of both parties.

**III. CONCLUSION**

In conclusion, the Court GRANTS IN PART and DENIES IN PART Plaintiff's [9] Motion for Attorney's Fees. Plaintiff is entitled to $$78,220.87 in attorney's fees and costs for activities relating to compensatory education on which Plaintiff was a prevailing party. An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE